## JOHN E. PTACEK

*v.*

THE PEOPLE *ex rel.* C. S. Deneen, State's Attorney.

194   125
p194 ¹156

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. CIVIL SERVICE—*section 6 of Civil Service act construed.* Section 6 of the Civil Service act, providing that all applicants for offices in the classified service, with certain exceptions, shall be subject to examination, which shall be public, competitive and free to all citizens of the United States, with specified limitations, relates only to such original examinations as may be held under the act, and not to promotional examinations contemplated by section 9 of the act, which provides that all examinations for promotion shall be competitive among such members of the next lower rank as desire to compete.

2. SAME—*examination for position of assistant superintendent of police in Chicago must be promotional.* Under the provisions of the Civil Service act and section 3 of the rules of the civil service commission the examination for the office of assistant superintendent of police in the city of Chicago must be promotional and limited to members of the next lower rank desiring to submit to such examination, and not an original, public, competitive examination.

RICKS, J., dissenting.

*Ptacek* v. *People ex rel.* 94 Ill. App. 571, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

JAMES C. MCSHANE, for appellant.

WALKER & PAYNE, and FOLLETT W. BULL, (JOHN BARTON PAYNE, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in *quo warranto,* begun in the circuit court of Cook county at its April term, 1900, on the information of Charles S. Deneen, State's attorney, ques-

tioning the right of the appellant, John E. Ptacek, to hold the office of assistant superintendent of police within the city of Chicago because not properly appointed under the statute regulating the civil service of cities. To the information respondent filed three pleas, in each of which he alleged that he lawfully held and executed the office; that theretofore, on November 25, 1899, a resolution was adopted by the civil service commissioners of the city of Chicago, wherein there was ordered to be held on December 22 of that year an examination of applicants for the position of assistant superintendent of police within the city; that he duly filed November 27, in the office of the civil service commission, his application to take part in and compete at such examination; that notice of the time and place and general scope of said examination was given by the commissioners, as required by law; that thereafter, in accordance with said resolution, and on said 22d day of December, an examination was duly held by the civil service commissioners of the city of Chicago for said position, which "examination was public, competitive and free to all citizens of the United States, in accordance with the statute in such case made and provided, and was not limited to the members of the next lower grade in the department of police of the city of Chicago, which said examination was in all respects valid and legal;" that no examination had at any time been held by the civil service commissioners, or any persons holding offices as such, "to provide an eligible list, or for the preparation of any register for the position of assistant superintendent of police, or to fill any vacancies that had occurred or might occur in the position of assistant superintendent of police, until the said examination held, as aforesaid, December 22, 1899, which said examination was and is the sole and only examination which has at any time been held by said civil service commissioners or by any person holding office as such, or in any way under said act for said purpose; that the

respondent was, at the time of holding said examination, an acting lieutenant of police, appointed under section 10 of the Civil Service act, and had been connected with the department of police of the city for fifteen years, serving as patrolman, desk sergeant, patrol sergeant, acting lieutenant, lieutenant and captain of police; that he presented himself for examination at the time mentioned and passed a satisfactory examination thereat, and his name was thereupon placed upon the register or eligible list by the commissioners, in accordance with the law and rules of said commission; that he was regularly and duly appointed to said office, in pursuance of such examination, by the chief of police of said city."

By his second plea appellant further alleges that at the time of said examination, and at the time the same was ordered, the same was not limited to the members of the next lower grade in the department of police of said city, for the reason that "the next lower rank or grade in the department of police of the city of Chicago, under the Civil Service act, to the rank or grade of assistant superintendent of police, is that of inspector of police; that said position of inspector of police has, up to the 27th day of March, 1900, not been filled or occupied, in any case, by persons who had taken civil service examinations and been certified and appointed pursuant to the Civil Service law in consequence of an examination for inspector of police of the city of Chicago; that at the time when said examination was held no person then in office as an inspector of police was in office, under the provisions of said Civil Service act, by certification or appointment to an examination under said act; that no examination had at any time been held by said civil service commissioners of the city of Chicago, or by any persons holding office as civil service commissioners of the city of Chicago, to provide an eligible list, or for the preparation of any register for the position of assistant superintendent of police, or to fill any vacancies that

had occurred or might occur in the position of assistant superintendent of police, until the said examination held, as aforesaid, December 22, 1899, which said examination was and is the sole and only examination which has at any time been held by said civil service commissioners, or by any person holding office as such, or in any way under said act, for such purpose." It concludes substantially in the language of the first plea.

The appellant also filed a third plea, which is, in substance, like the second, except that, in addition to stating that the inspectors of police, which was the next lower grade to that of assistant superintendent of police, did not hold their positions through an examination under the Civil Service act. It states that at the time when said examination was held there were in all but five inspectors of police in the city, and that three of them were temporary inspectors, holding their positions under and by virtue of an appointment under section 10 of the Civil Service act; that one of them, at the time of the examination, held the rank of patrol sergeant by appointment thereto prior to the date when the Civil Service act went into operation in the city, and that another held at the time the rank of patrol sergeant under the Civil Service act by virtue of a certification from an eligible list based upon an examination duly held under the provisions of said Civil Service act, and that the third had no rank in the police department except that of temporary or acting lieutenant; that the two remaining inspectors were called "hold-overs,"—that is, persons who held their office as inspectors by virtue of appointment prior to the date when said Civil Service act went into operation; that neither of said "two inspectors last mentioned desired to take part, and both of said two inspectors last mentioned refused to take part, in any examination for said office of assistant superintendent of police."

To these pleas a general and special demurrer was filed by the relator and sustained by the circuit court.

On appeal to the Appellate Court for the First District the judgment of the circuit court was affirmed, and the respondent now brings the case to this court for review.

In the Appellate Court counsel for the appellant attempted to raise the question that the position of assistant superintendent of police in the city of Chicago is not an office, and therefore *quo warranto* is not a proper remedy to test the title thereto. The point was not made in the circuit court, nor was there in that court any issue upon which it could have been made, and therefore, under the familiar rule that errors cannot be assigned for the first time in this or the Appellate Court, it cannot be availed of here. We are, however, clearly of the opinion that the position falls within the definition of an office. Blackstone (2 Com. 35) says: "Offices are a right to exercise a public or private employment and to take the fees and emoluments thereunto belonging." (See, also, 3 Kent's Com. 455; *People ex rel.* v. *Loeffler*, 175 Ill. 585.) "An office is a position which does not end with the termination of the term of the person filling it, but its duties continue to be performed by the successors of such person, whether elected or appointed." It is agreed in this case that the position is a salaried one, the salary being $4000 per year, and that its duties do not end with the term of any occupant. Counsel, in the pleas, denominates the position an "office," and throughout his argument on the merits of the case alludes to it as such.

The real question in the case is stated by counsel for appellant in his brief, as follows: "Appellee [that is, the relator,] claims that an original examination could not legally be held in the police department for any position except the lowest grade,—that is, the position of second-class patrolman,—whereas, as previously stated, we claim [that is, the appellant,] that the law contemplates and requires that an original examination be held, in the first instance, to fill each and all of the positions in the police department."

Section 3 of the Civil Service act (Hurd's Stat. 1899, p. 351,) requires the commissioners to "classify all the offices and places of employment in such city with reference to the examinations hereinafter provided for. * * * The offices and places so classified by the commission shall constitute the classified civil service of such city; and no appointments to any of such offices or places shall be made except under and according to the rules hereinafter mentioned." The next section (4) provides that the commission "shall make rules to carry out the purposes of this act, and for examinations, appointments and removals in accordance with its provisions, and the commission may, from time to time, make changes in the original rules." Section 5 provides for changes in such rules upon notice and publication. Section 9 is as follows: "The commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained merit and seniority in service and examination and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination; and it shall be the duty of the commission to submit to the appointing power the names of not more than three applicants for each promotion having the highest rating. The method of examination, and the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment."

Section 1 of rule 10, adopted by the commission and which was in force at the time of the examination, set up by appellant in his pleas, is as follows: "Original appointment.—All original appointments of the police force shall be as second-class patrolmen," etc. Section 3 of the same rule provides for the method of promotion, as follows: "All promotions in the police department shall be from grade to grade, and shall be made upon

voluntary, open, competitive examination. The competition in such examination shall be limited to the employees in the next lower grade." There is no rule of the commission authorizing an original examination to be held, in the first instance, to fill each and all of the positions in the police department, and if there was, it could not be enforced in view of the foregoing provisions of section 3 of the act, which authorizes the civil service commission to classify all the offices and places in the city with reference to examinations afterwards provided for, and making that classification the classified civil service of the city, and prohibiting appointments to any of such offices or places except under and according to the rules of the commission. This section manifestly contemplates that the classification, in the first place, shall be made without any original examination. Section 9, which is the only section of the act providing for the filling of vacancies in the service, requires such vacancies to be filled by promotion, and sections 1 and 3 of rule 10 can be given practical effect only by such promotional examinations.

Appellant contends that section 6 of the act contemplates an original examination in every instance, and that it has been violated by the commission in the adoption of the foregoing sections of rule 10. That section is as follows: "All applicants for offices or places in said classified service, except those mentioned in section 11, [which exception is not material in this consideration,] shall be subject to examination, which shall be public, competitive and free to all citizens of the United States, with specified limitations as to residence, age, health, habits and moral character," etc. We think it clear, in view of the provisions of section 9, that this provision relates only to such original examinations as may be held under the act, and not to promotional examinations, as contemplated by the latter section,—that is, to original appointments to the position of second-class patrolman.

By this construction the various sections of the act and the rules adopted by the board are brought into harmony, and, in our opinion, will give effect to the object and purposes of the act. We do not understand how the civil service commission could, under its rules, hold an original examination for the position of assistant superintendent of police unless it is shown in some way that the vacancy in that office could not be filled by promotion, and this, we think, the pleas wholly failed to do. The third plea does not aver that there were no "employees of the next lower grade" who could or who were willing to take the promotional examination, nor do we think the plea would have been sufficient if it had so averred. The question, in the promotional examination to fill vacancies, whether there are employees of the next lower grade competent and willing to take the examination, is one which must be determined by the commission under its rules, and cannot be left open to its determination upon each examination to fill vacancies. It is perfectly clear in this case that the examination under which appellant secured his appointment was not made "public, competitive and free to all the citizens of the United States" because there were no employees in the position of inspectors of police who were competent and willing to take a promotional examination, but because, as is now contended by counsel, the commission construed the act as authorizing such an original competitive examination in every instance.

Section 1 of rule 7 is as follows: "Method of promotion.—All promotions in the classified service, *unless herein otherwise provided,* shall be from grade to grade, and shall be made upon voluntary, open, competitive examination. Competition in such examination shall be limited to the employees in the next lower grade of the same division, serving in the department in which the position exists, unless the commission shall deem it for the interest of the service to admit to competition employees in

other grades or other divisions serving in that or other departments," etc.   It is insisted that this rule gave the board a discretion to determine whether the examination should be confined to the next lower grade or not.   As aptly said by the Appellate Court: "It is sufficient to say that the provisions of this rule extend only to examinations when it is not in the rules of the board 'otherwise provided,' and does not extend or apply to the police department where it is 'otherwise provided' by the third section of rule 10, as above indicated."

We are satisfied that no error was committed by the Appellate Court in its construction of the statute and the rules of the civil.service commission, and in its holding that the examination under which the appellant received his appointment was in violation of the statute and those rules.   Its judgment will accordingly be affirmed.                              *Judgment affirmed.*

Mr. JUSTICE RICKS, dissenting.