John E. Ptacek v. The People, etc., ex rel. Charles S. Deneen, State's Attorney.

94  571
a194s 125

1. CIVIL SERVICE COMMISSION — *Promotional Examinations.*—The board of civil service commissioners have power under the civil service act to adopt rules for the examination and promotion of officers in the police department of the city of Chicago, but it has no power to disregard such rules while they remain in force and effect and unchanged.

2. SAME—*Promotions in the Police Department to be from Grade to Grade.*—The rules adopted by the board of civil service commissioners of the city of Chicago require that all promotions in the police department are to be from grade to grade and are to be made upon voluntary, open, competitive examinations; the competition in such examinations is to be limited to the employes in the next lower grade, and an examination not so limited and conducted is irregular and contrary to the law and rules of the board.

3. ASSISTANT SUPERINTENDENT OF POLICE—*A Public Officer, and Amenable to Quo Warranto Proceedings.*—The position in the police department of the city of Chicago occupied by the assistant superintendent of police is a public office within the classified service of the city of Chicago under the civil service law, the usurpation of which can be reached by proceedings in quo warranto.

4. OFFICE—*Defined.*—An office is a public charge or employment, and he who performs the duties of the office is an officer.

Quo Warranto.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 6, 1901.

Statement.—This is a proceeding by quo warranto, wherein the court below found that the respondent there,

appellant here, was guilty of usurping the office of assistant chief, sometimes called assistant superintendent, of police, of the city of Chicago; that he was not entitled by law to hold said office or to exercise the functions thereof, and entered a judgment of ouster against him.

The facts as disclosed by the information filed by the state's attorney of Cook county are in substance as follows: That the police department of the city of Chicago is under the government and regulation of a statute of the State of Illinois entitled, " An act to regulate the civil service of cities;" that by the provisions of said act and by rule adopted by the board of civil service commissioners of the city of Chicago, appointed under the said act, it is required that all promotions in the police department of the city of Chicago shall be from grade to grade, and shall be upon voluntary, open, competitive examinations; the competition in such examination is limited to the employes of the next lower grade; that at the time respondent was promoted to the office of assistant chief of police he was not an employe of the next lower grade, viz., the grade or rank of inspector; that an examination was held, which was not limited to the employes of the next lower grade, viz., inspectors, and that it is by reason of having taken the examination thus improperly conducted that respondent holds the position of assistant chief or superintendent of police. Appellant, as respondent, answered, setting up by his plea that at the time of his promotion he was an acting lieutenant of police; that the examination was " competitive and free to all citizens of the United States, in accordance with the statute in such case made and provided, and was not limited to the members of the next lower grade in the department of police of the city of Chicago, which said examination was in all respects valid and legal." By another plea respondent set up that " it was not then, to wit, on the date last aforesaid, nor has it ever been, practicable to hold a promotional examination for the position of assistant superintendent of police," " and that the next lower rank or grade in the department of police of the city

of Chicago, under the civil service act, to the rank or grade
of assistant superintendent of police, is that of inspector of
police; and that at the time of the examination in question
the position of inspector of police had not been filled by
any person who had taken civil service examination and
been certified and appointed, pursuant to the civil service
law, and that respondent, then an acting lieutenant of
police, was certified and appointed to the office of assistant
superintendent of police by virtue of an examination held
by the civil service commission. By still another plea,
respondent set up that at the time of the examination by
virtue of which he was appointed, there were five persons in
the next lower grade, viz., the grade of inspector; that three
of these five inspectors were only temporarily appointed
to be inspectors, and that the other two of the said five
inspectors held the office by virtue of appointment thereto
prior to the time when the civil service act went into
effect, and the two inspectors last named refused to enter
an examination for the position of assistant superintendent
of police. To these pleas the relator demurred. The
court sustained the demurrer and entered a judgment of
ouster.

The rules adopted by the board of civil service commis-
sioners of the city of Chicago for their government were
by stipulation made part of the pleadings. It is also stipu-
lated that the salary of an assistant chief or superintendent
of police of the city of Chicago is four thousand dollars
per annum.

JAMES C. McSHANE, attorney for appellant.

WALKER & PAYNE, attorneys for appellee; JOHN BARTON
PAYNE, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The controlling question presented upon this appeal is as
to whether, under the provisions of the civil service act and
the rules adopted by the board of civil service commis-
sioners of the city of Chicago, and upon the facts presented

by the various pleas of the respondent, the examination by
which respondent was selected for appointment to the
office of assistant chief or superintendent of police, was
regular and lawful. Question is also raised as to whether
the office of assistant chief or superintendent of police of
the city of Chicago is in law an office usurpation of which
can be reached by a proceeding in quo warranto.

The contention of the relator is that the examination was
irregular and unlawful, because it was made a public
examination, open to all citizens, and was not limited to
employes of the next grade below the grade of assistant
chief or superintendent of police. Aside from this conten-
tion there is no suggestion that the respondent was not
eligible to the appointment, or that the examination was
improperly conducted, or that respondent was not entitled
to preferment over others taking the examination.

The information fails to present that there were any
employes of the next grade below the grade of assistant
chief or superintendent of police, viz., the grade of in-
spector of police. But if the relator was bound to make
any such averment, the lack was not taken advantage of
below. And respondent, by his pleas, has done that which
the relator failed to do, viz., set forth the facts as to
employes occupying the grade of inspector. By the pleas
it is made to appear that five persons occupied the grade
or rank of inspector in the police department of the city of
Chicago when the examination in question was held, and
that two of these five refused to enter any examination for
appointment to the office of assistant chief or superintend-
ent of police.

Upon this state of the pleadings we have in this behalf
only to inquire if the provisions of the law and the rules of
the board of civil service commissioners required the
examination to be a promotional examination, limited to the
employes of the grade below the grade of assistant chief or
superintendent, viz., employes of the grade of inspector.

Section 3 of the civil service act provides that the com-
missioners shall classify all the offices and places of employ-

ment in the city with reference to examinations provided for, and provides that such offices and places so classified shall constitute the classified civil service of such city, and that no appointments to any of such offices or places shall be made except under and according to the rules afterward mentioned in the act.

Section 4 provides that the commissioners shall make rules to carry out the purposes of the act and for examinations, appointments and removals in accordance with its provisions, with power to make changes in such rules.

Section 5 provides for publication and notice of the taking effect of rules or changes in rules.

Section 6 provides that all applicants for offices or places in the classified service, with certain exceptions not here of importance, shall be subjected to examination, which shall be public, competitive and free to all citizens of the United States, with specified limitations.

Section 9 provides that the commission shall by its rules provide for promotions in such classified service on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases where it is practicable that vacancies shall be filled by promotion; and that all examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination.

The board of civil service commissioners of the city of Chicago, acting under the provision of section 4 of the act, adopted certain rules for examinations and promotions in the department of police of the city of Chicago.

Section 1 of rule 10 provides that all original appointments of the police force shall be as second class patrolmen.

Section 3 of the same rule provides that all promotions in the police department shall be from grade to grade and shall be made upon voluntary, open, competitive examination. The competition in such examinations shall be limited to the employes in the next lower grade.

We are unable to perceive any reason why the provisions of these rules, adopted by the board of commissioners, in

accordance with the spirit and the terms of the civil service act, should not be held to be obligatory. The board had power to change these rules within the limitations imposed by the act, and upon giving the prescribed notice of such change by publication. But they did not have power to disregard them while they remained in force and effect and unchanged. Section 3 of rule 10, requiring that the examination for appointment to the office of assistant chief or superintendent of police should be limited to employes of the next lower grade, i. e., inspectors, was in force and effect when this examination was held. There were employes of the grade of inspectors. The competitive examination should have been limited to them. But in disregard of the provisions of the rule, the examination was made open to all citizens of the United States; so says the plea, and respondent, who was not of the grade of an inspector of police, but who is averred by his plea to have been an acting lieutenant, was permitted to compete in the examination, and as a result of such examination was certified by the commissioners and appointed upon such certification to the office of assistant chief or superintendent of police. The proceeding was irregular and contrary to the provision of the civil service act and the rules adopted by the commissioners.

It is urged that section 1 of rule 7 of the board of commissioners provides that competition in examinations shall be limited to employes in the next lower grade, etc., unless the commissioners shall deem it for the interest of the service to admit to competition employes in other grades, etc.

It is sufficient to say that the provisions of this rule extends only to examinations when it is not in the rules of the board " otherwise provided," and does not extend or apply to the police department, where it is " otherwise provided " by the third section of rule 10, as above indicated.

There is no merit in the contention that it is shown by the pleas to have been impracticable to hold the examination as was required by the civil service act and the rules of

the board.   The pleas show that there were at least three incumbents of the grade of inspector, who, so far as appears, may have all entered such an examination as the law requires, had such a one been held.

We are of opinion that the position in the police department occupied by respondent is such an office as can be reached, in case of a usurpation of it, by quo warranto proceeding.   People v. Loeffler, 175 Ill. 585; City v. Luthardt, 91 Ill. App. 324.

In the Loeffler case, the Supreme Court held that nothing contained in Section 24, Article 5, of the State Constitution, operates to define such a position under a municipal government as the one here in question as being other than a public office.

In City v. Luthardt, this court held that a chief. clerk of the detective bureau of the department of police, who received a salary of $1,500 per annum, was a municipal officer.

In 2 Blackstone's Com. 36 (Cooley's Ed.), the author said :

"Offices are a right to exercise a public or private employment and to take the fees and emoluments thereunto belonging."

Chancellor Kent described offices as consisting in " a right and correspondent duty to execute a public or private trust and to take the emoluments belonging to it."   3 Kent's Com. (12th Ed.) 454.

In U. S. v. Maurice, 2 Brockenbrough, 96, Chief Justice Marshall, delivering the opinion of the court, said :

" An office is defined to be a public charge or employment, and he who performs the duties of the office is an officer.   *   *   *   Although an office is an employment, it does not follow that every employment is an office.   A man may certainly be employed, under a covenant express or implied, to do an act or perform a service, without becoming an officer.   But if a duty be a continuing one, which is defined by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties appertaining to his

station without any contract defining them, if those duties continue, though the person be changed, it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer."

In U. S. v. Hartwell, 6 Wallace, 385, the question arose as to whether a clerk in the office of the assistant treasurer of the United States was an officer, and the court said:

" An office is a public station conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument and duties. The employment of the defendant was in the public service of the United States. He was appointed pursuant to law, and his compensation was fixed by law. Vacating the office of his superior would not have affected the tenure of his place. His duties were continuing and permanent, not occasional or temporary. They were to be such as his superior in office should prescribe."

And the court held that the position held by the clerk was a public office.

See People v. Canty, 55 Ill. 33, wherein the position of city marshal in the police department of a city was treated as a public office. Also McCornick v. Pratt, 17 L. R. A. 243, and note.

We are of opinion that the position occupied by respondent is clearly a public office, and not a mere employment or agency. The stipulation shows that the office held by respondent carried with it a salary of four thousand dollars per annum. The office was within the classified service of the city of Chicago. Sec. 3 of the Civil Service Act, and Sec. 1 of Rule 1 of the Board of Commissioners; McNiel v. City, 93 Ill. App. 124.

The appointment of respondent to the office of assistant chief or superintendent of police of the city of Chicago having been made contrary to the provision of the civil service act and the rules of the commissioners appointed under the act, he is not entitled by law to hold the office, and the judgment of ouster was right.

The judgment is affirmed.