JOSEPH POWELL *et al.*

*v.*

WALTER BULLIS.

*Opinion filed April 17, 1906.*

1. CERTIORARI—*court has power to review proceedings of civil service commission discharging police officer.* The circuit and superior courts of Cook county have jurisdiction to award the writ of *certiorari* to review the proceedings of civil service commissioners in removing a police patrolman from office, notwithstanding only personal and not property rights are involved.

2. SAME—*when proceedings of civil service commissioners are properly quashed.* Proceedings of the civil service commissioners removing a police patrolman from office are properly quashed on *certiorari,* where the record filed as a return to the writ fails to show that the patrolman was notified or waived notice of the time and place of his hearing by the police board, since without such notice or waiver the police board is powerless to act and the commission powerless to approve its action.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

JOHN W. BECKWITH, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellants.

A. D. GASH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition filed in the superior court of Cook county by Walter Bullis against the city of Chicago and Joseph Powell and others, constituting the civil service commission of the city of Chicago, for the common law writ of *certiorari* to review the action of said commission in removing said Bullis as a patrolman from the police force of the city of Chicago. The writ was issued, and the commission, as a return thereto, filed a copy of its record, showing charges were filed against said patrolman, and that upon a

trial upon said charges before the police trial board he was found guilty, and that the action of the police trial board was approved by the civil service commission, whereupon Bullis was removed from the police force of the city of Chicago. The superior court, upon a hearing, quashed the proceedings of the civil service commission, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It is first contended that the superior court did not have jurisdiction to issue the writ. The circuit and superior courts of this State have jurisdiction to award the writ of *certiorari* to all inferior tribunals in this State exercising judicial or *quasi* judicial powers when such tribunals have exceeded the limit of their jurisdiction, or when they have proceeded illegally and no appeal is allowed or other method provided by law for reviewing their proceedings. (*Kinsloe* v. *Pogue,* 213 Ill. 302.) In the cases of *People* v. *Lindblom,* 182 Ill. 241, and *Joyce* v. *City of Chicago,* 216 id. 466, the action of the civil service commission of the city of Chicago was reviewed by writ of *certiorari.* It is said, however, the question of the power of the trial courts in these cases to issue the writ was not raised, and that the writ cannot issue to review the action of an inferior tribunal unless such tribunal is invested with power to decide upon property rights, and that the right of Bullis to hold the office of patrolman was not a property right, hence the superior court did not have jurisdiction to issue the writ; and to sustain this contention the case of *Commissioners of Mason and Tazewell Special Drainage District* v. *Griffin,* 134 Ill. 330, is relied upon. In that case property rights were involved, hence it is not an authority against the proposition that the writ may issue when only personal rights are involved, and many cases may be found in this and other States where the writ has issued when only personal rights were involved. (*Miller* v. *Trustees of Schools,* 88 Ill. 26; *Merrick* v. *Township Board of Arbela,* 41 Mich. 630; *State* v. *Whitford,* 54 Wis.

150; *Gilbert* v. *Board of Police,* 40 Pac. Rep. 264.)    We think the superior court had jurisdiction to issue the writ.

The main reason urged by appellee as grounds for sustaining the judgment of the lower courts is, that the record filed as a return to the writ does not show that Bullis was notified of the time and place fixed by the civil service commission for a hearing upon the charges preferred against him, or that he waived notice of the time and place of hearing by appearing before said police trial board or otherwise.    Section 12 of the Civil Service act provides: "No officer or employee in the classified civil service * * * shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense."    And section 1 of rule 8 of the civil service commission provides: "The commission shall cause notice in writing to be personally served on the accused, or to be mailed to him at his own address, as shown by the records of the commission, stating the time (which shall not be less than five days after the service or mailing of such notice) and place when and where such charges will be investigated, and shall give the accused an opportunity to be heard in his own defense at such investigation."    The giving or waiver of such notice was clearly jurisdictional, (*Commissioners of Highways* v. *Smith,* 217 Ill. 250,) and as the court could only determine that question from an examination of the record filed as a return to the writ, (*Joyce* v. *City of Chicago, supra,*) and the record failed to show that Bullis had been notified or waived notice of the time and place of his hearing upon the charges preferred against him, we think the police trial board was without power to hear the charges made against him or the civil service commission to approve the same and order him discharged as a patrolman from the police force of the city of Chicago, and that the trial court properly quashed the proceedings of the commission.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*