Theodore C. Brewton, Jr., Plaintiff-Appellant, v. Civil Service Commission of the City of Chicago and the Chicago Public Library, Defendants-Appellees.

**Gen. No. 52,855.**

First District, Third Division.
October 16, 1969.

Kleiman, Cornfield & Feldman, of Chicago (Linzey D. Jones, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen, Head of Appeals and Review Division, Assistant Corporation Counsel, Robert J. Collins, Special Assistant Corporation Counsel, and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The Civil Service Commission of the City of Chicago ordered the plaintiff discharged from his position as a janitor for the Chicago Public Library. He appealed under the Administrative Review Act (Ill Rev Stats 1965, c 110, § 264, et seq.) and the Circuit Court affirmed the commission's order. In this further appeal his contentions are that the commission did not have jurisdiction to discharge him and that its findings were against the manifest weight of the evidence.

The plaintiff was employed by the library in April 1965. During the early part of 1966 his work became unsatisfactory and on July 1st he was warned that he might be suspended. He did not appear for work from July 1 to July 18 and on the latter date he was suspended for thirty days. On August 18 charges were filed against him with the Civil Service Commission. He was charged with conduct unbecoming a City employee, neglect of duty, excessive absenteeism and tardiness, and failure to pay his just debts within a reasonable time. The specifications were that he repeatedly refused to do any work and was asleep on numerous occasions, that he was absent 49 days and reported one-half to two hours late for work on 16 occasions, and that he had six debts which were long overdue.

The commission's hearing was held early in September and its decision was filed October 11, 1966. At the hearing, the specification that he refused to work was withdrawn and the specification that he was asleep on numerous occasions was altered to charge that he was found asleep two times.

The commission paid no attention to the amendments and little to the evidence. It made factual findings which repeated verbatim the original specifications, including the one that had been withdrawn. In some instances its findings of fact did not comport with the evidence. Despite this carelessness, the record contains substantial evidence supporting the charges of absenteeism, tardiness and sleeping on the job. The findings of an administrative agency on questions of fact are to be held prima facie true (Ill Rev Stats 1965, c 110, § 274) and its decision will not be set aside unless it is against the manifest weight of the evidence. Avent v. Police Board of City of Chicago, 49 Ill App2d 228, 199 NE2d 637 (1964). Although the commission's detailed findings were inaccurate in several respects, its decision was not contrary to the manifest weight of the evidence.

The plaintiff was suspended for thirty days on July 18 and the charges against him were filed on August 18, 1966—an interval of thirty-one days. Because the charges were not filed within thirty days of his suspension he contends that the commission was without jurisdiction to dismiss him. Alternatively, he contends that he is entitled to back pay for the period between the expiration of his suspension and his final discharge.

The issue of jurisdiction rests on the construction of the Illinois Municipal Code, Ill Rev Stats 1965, c 24, § 10–1–18, which provides in pertinent part:

> "Except as hereinafter provided in this section, no . . . employee in the classified civil service of any municipality . . . shall be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense. . . . Nothing in this Division 1 shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days. . . ."

Under this statute a municipality may suspend a civil service employee for a reasonable period of time not exceeding thirty days. It cannot suspend him for a greater length of time, remove or discharge him without preferring written charges with the Civil Service Commission. A hearing must then be held to determine if there is just cause for a longer suspension or for the termination of his employment. The statute is designed to protect municipal employees from discharge for political or arbitrary reasons by providing requirements and procedures for their dismissal.

The plaintiff's position is that the statute must be interpreted as implying that charges have to be filed within the period of suspension. He argues that the purpose of the statute is to provide a speedy hearing for the

suspended employee, that the failure to file charges until after the expiration of the suspension defeats this purpose and results in the employee being suspended for more than the designated period, and that if a municipality does not invoke the commission's power to discharge an employee within the period of his suspension the commission is without jurisdiction to order his dismissal.

The Appellate Court had occasion to consider an issue closely related to the present case in Foreman v. Civil Service Commission of City of Chicago, 7 Ill App2d 122, 129 NE2d 245 (1955). In Foreman the court rejected the analogous contention that charges against a civil service employee had to be tried within the period of his suspension. Charges were filed against a police officer within the thirty-day period during which he was suspended, but the hearing was held after the period. The officer argued on appeal that the statute limited suspensions to thirty days; that a hearing on charges must be held within the thirty-day period; that the period having expired without a hearing, his suspension had terminated and he had been automatically reinstated to his position at the end of the thirty-day period, and that, therefore, the commission had no jurisdiction to try him. The court held the commission had not lost jurisdiction by conducting the hearing after the expiration of the suspension. The court stated:

> "The statute, it is true, limits the length of this suspension. There is, however, no express language that charges must be filed, witnesses heard and the report of the Commission disposing of the charges filed within the 30-day period. We conclude that it would be unreasonable to find that it is the statutory intent to impose a fixed period of such short duration within which the Commission must hear and determine a cause or else lose jurisdiction thereof."

■ The Foreman case was decided under the 1953 statute which is almost identical with that of 1965. What was decided in Foreman is applicable to the present case. The 1965 statute (§ 10–1–18 of c 24) does not require, directly or by implication, that charges leading to dismissal must be filed within the period of suspension. The commission did not lose jurisdiction over the plaintiff's case because the charges were filed after the thirty-day suspension came to an end.

■ Permitting the filing of charges for dismissal after expiration of a thirty-day suspension rather than during the suspension results in no great prejudice to an employee; he loses no right of review and loses no pay for he is entitled to compensation from the time his suspension ends until the time he is discharged. We thus sustain the plaintiff's alternative contention that he should be paid for the period between the termination of his suspension and the date of his discharge by the commission. The plaintiff remained an employee of the library during his suspension. When his suspension ended he was still an employee and was entitled to reinstatement to active duty. If it were otherwise it would result in his being suspended without pay for more than the permitted thirty days. The belated filing of charges did not change his status. He was not under suspension at the time the charges were filed and he was no different than any other employee who may have charges preferred against him while still occupying his position. An unsuspended employee continues to work and continues to receive his salary until the charges are decided. If he is exonerated his salary is not interrupted; if he is found guilty and discharged his salary is terminated. As an unsuspended and undischarged employee the plaintiff was entitled to compensation until his employment came to an end.

There remain in dispute two issues: Whether the plaintiff can be reimbursed through the present litigation and whether his suspension commenced on July 1, or on July 18, 1966.

■ The trial court decided that it had no jurisdiction to rule on the back pay issue. This issue had not been raised in the hearing before the commission, and since the scope of review under the Administrative Review Act is limited to the questions of fact and law presented by the record (Ill Rev Stats 1967, c 110, § 274; River Forest State Bank & Trust Co. v. Zoning Board of Appeals, 34 Ill App2d 412, 181 NE2d 1 (1961)), the decision of the trial court was correct.

The plaintiff contended that he was actually suspended on July 1 rather than on July 18, 1966. Although the commission made no specific finding as to when the suspension commenced, it is not necessary to remand this case for referral to the commission for a finding on this issue because—if the plaintiff is serious in contending that he was suspended prior to receiving the official, written notice of that fact—the issue can be resolved in any action he may take to recover his unpaid salary.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.