PETER SGRO, Plaintiff-Appellee, *v.* THE CITY OF SPRINGFIELD *et al.*, Defendants-Appellants.

(No. 11596;

Fourth District—July 18, 1972.

Richard E. Hart, Assistant City Attorney, of Springfield, for appellants.

Robert Weiner, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On May 4, 1957, Plaintiff-Appellee, Peter Sgro, was certified by the City Civil Service Commission of Springfield, Illinois, as a Civil Service employee with the title of Supervisor of Weights, Measures and Sanitation. On February 2, 1970, Joseph P. Knox, Commissioner of the Department of Public Health and Safety filed written charges against plaintiff who was an employee of that department. The charges were undated and unsigned. The charges were lengthy, but in essence alleged improper absences from work, and failure to perform certain inspections of business establishments pursuant to the duties assigned to him. Plaintiff was, according to his Complaint for Administrative Review, suspended from his position on September 1, 1969.

The record indicates that a hearing on the charges was set before the Civil Service Commission on November 21, 1969, and then reset to a subsequent date. On March 31, 1970, after notice of Sgro, the Commission convened for the purpose of hearing the charges. Plaintiff and his attorney Robert Weiner appeared and requested a continuance which was denied. No evidence was taken during the proceedings which were terminated by the Commission directing the City Attorney to prepare an order removing and discharging plaintiff from his position with the City. The written order was entered May 4, 1970, and recites that the Commission had considered the written charges, that the written charges were allowed and that plaintiff was discharged as an employee of the City of Springfield.

On May 26, 1970, plaintiff filed his Complaint for Administrative Review. On November 25, 1970, the trial judge entered an order finding that the order of the Civil Service Commission entered May 4, 1970, was null and void, directed that plaintiff be restored to his position with the City, that all back salary, commencing September 1, 1969, to date be paid to plaintiff and that the written charges which were filed with the Commission be dismissed.

On December 4, 1970, the defendants-appellants moved the trial court to vacate or modify its order of May 25th. They urged that the only record before the Court was the record of the proceedings had before the Commission on March 31, 1970, and that the record before the Court did not justify the court in ordering plaintiff's restoration to his former position, payment of salary and dismissal of the written charges. The motion prayed for remand to the Commission for the taking of evidence and also prayed that the Court make findings of fact and state conclusions of law.

On May 7, 1971, the trial judge entered an Amended Order. This

Amended Order contained the following findings of fact and conclusions of law:

"That Plaintiff was suspended from his position with the City on September 1, 1969, and since said time has not received pay or any manner of compensation from said City.

That a purported Order of Removal was executed on May 4, 1970, by the Chairman and other members of the Civil Service Commission of the City of Springfield, Illinois, and served on the Plaintiff through the United States mails.

That the purported Order of Removal affected the rights of the Plaintiff.

\* \* \* Nor was there any evidence produced upon which any finding of fact could be made by said Civil Service Commission upon which to base its purported Order of Removal.

The Court further states as a matter of law that the rights guaranteed the Plaintiff under the Fifth and Fourteenth Amendments of the Constitution of the United States and Section 2 of Article II of the Constitution of the State of Illinois 1870, have been violated and that Plaintiff's discharge from his Civil Service status was therefore without due process of law."

The Court then set aside the order discharging plaintiff from his position, and ordered that he be reinstated with back pay and that the charges before the Commission be dismissed.

■■ The defendants urge that the trial court had no authority to order plaintiff's reinstatement or to order payment of back salary.

The authority of the Circuit Court in a proceeding to review the decision of an administrative agency is delineated in Ch. 110, Sec. 275, Ill. Rev. Stat. 1969. The provisions therein contained are identical with the provisions of Ch. 110, Sec. 275, Ill. Rev. Stat. 1945, which was considered by the Supreme Court in *Drezner v. Civil Service Com.*, 398 Ill. 219, 75 N.E.2d 303.

In *Drezner*, the appellant appealed from an order of the Superior Court of Cook County which approved and confirmed an order of the State Civil Service Commission discharging appellant from a civil service position. The Supreme Court reversed, holding that the order of the Civil Service Commission was against the manifest weight of the evidence, and that it was not supported by substantial evidence in the record. With reference to appellant's contentions as to reinstatement and back pay the Court said:

"Appellant further urges that he is entitled to reinstatement and payment of salary from his discharge on June 2, 1945. With this contention, we do not agree. Section II of the Administrative Review Act

(Ill. Rev. Stat. 1945, chapter 110, par. 274,) provides that the hearing and determination of review shall extend to all questions of law and fact presented by the entire record before the court. Under section 12 of the same act, the court has the power to affirm or reverse the decision of the administrative agency in whole or in part or it may remand the cause for the taking of additional evidence. There is no provision for the joinder of a *mandamus* action for the restoration to the position and an action for back wages." See also *Brewton v. Civil Service Com.*, 115 Ill.App.2d 460, 466, 253 N.E.2d 504.

The issues of reinstatement and back pay were not before the Commission or the trial court, and that portion of the order of the trial court directing reinstatement and back pay must be reversed.

■■ That the order of the Circuit Court setting aside the Commission's order discharging plaintiff was correct is a circumstance patently demonstrated by the record. The parties to this appeal argue, pro and con, whether plaintiff was "accorded a hearing". Plaintiff urging that since his motion for continuance was denied he cannot be said to have been "accorded a hearing" while defendant insists that the motion for continuance was properly denied, and that since plaintiff did not participate in a hearing he had, in fact, been "accorded a hearing". This seems semantical jousting and, in our view, beside the point.

■■ When administrative review is sought with reference to the decision of an administrative agency discharging a civil service employee the Court will only determine whether or not the decision is arbitrary or just and reasonable *in the light of the evidence presented to the agency.* (*Davern v. Civil Service Com.*, 115 Ill.App.2d 93, 253 N.E.2d and cases there cited.) Had the Commission heard evidence and then entered its order of discharge, whether or not plaintiff had been "accorded a hearing" would have been an issue here. The Commission heard no evidence, no witnesses were called. The discharge was predicated on the undated, unsigned, unverified charges. The Commission made no findings with reference to the truth or falsity of any charge or charges, and, indeed, had no evidence before it upon which to base any findings. The order of the trial court which set aside the order of discharge was correct and we affirm that portion of the order.

■■ Chapter 110, Sec. 275, Ill. Rev. Stat. 1969, does not authorize the Court, on review of the decision of an administrative agency, to direct dismissal of charges filed before the agency nor does plaintiff's brief contain any citation of authority which supports such a proposition. The Court erred in directing dismissal of the charges.

The order of the trial court directing plaintiff's reinstatement, ordering back pay and dismissal of the charges is reversed. The order vacating

the Commission's order discharging plaintiff is affirmed, and the cause remanded to the Circuit Court with directions that it remand to the Commission for hearing on the charges.

TRAPP, P. J., and SMITH, J., concur.