Wesley E. Flynn, Plaintiff-Appellant, *v.* Board of Fire and Police Commissioners of the City of Harrisburg *et al.*, Defendants-Appellees.

(No. 74-306;

Fifth District—October 22, 1975.

G. MORAN, J., dissenting.

Mitchell & Armstrong, Ltd., of Marion, for appellant.

Charles M. Ferguson, of Harrisburg, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Saline County which affirmed a decision of the Board of Fire and Police Commissioners of the City of Harrisburg, Illinois. The Board found: (1) plaintiff-appellant was guilty of acts unbecoming a police officer which tended to bring disrepute upon the Police Department of the City of Harrisburg, contrary to the rules and regulations of the Police Department of the City of Harrisburg; and (2) the evidence was sufficient to warrant a finding that plaintiff-appellant was guilty of conduct unbecoming a police officer in that he did criminal damage to property, entered complainant's automobile without authority and committed an assault upon complainant, all in violation of the statutes of the State of Illinois. By reason of these findings of fact and guilt, the Board determined that cause existed for the discharge of plaintiff-appellant from his position as a police officer.

■■ The appellant's first contention on appeal is that the Board of Fire and Police Commissioners (hereinafter referred to as the Board) lost jurisdiction of this case when they granted a continuance of the hearing beyond the prescribed 30 days on their own motion. The rules of the Board specifically state:

> "If the officer or fireman is suspended pending hearing, the Board may not, on its own motion, continue the hearing to a date beyond thirty days from the date of suspension." (Rules and Regulations of the Board of Fire and Police Commissioners, City of Harrisburg, Illinois, art. V, § 3 (1959).)

In the instant case the appellant was originally suspended on April 5, 1973, for a period of 30 days. The hearing with reference to the charges was held on May 2, 1973, and on May 3, 1973, the Board granted a continuance upon its own motion in order that polygraph tests might be given. On June 4, 1973, the Board discharged the appellant as a police officer.

Although the Board did not comply with its own rules, we are not of the opinion that this noncompliance caused it to lose jurisdiction of the case. In *Brewton v. Civil Service Com.*, 115 Ill.App.2d 460, the court construed a similar provision as not being jurisdictional. In that case the officer was suspended for 30 days and the charges were filed after the 30-day period prescribed by section 10—1—18 of the Municipal Code (Ill. Rev. Stat. 1965, ch. 24, § 10—1—18). The court concluded that allowing the filing of charges after the 30-day period resulted in no great prejudice because the defendant loses no right to a hearing or review and may have a remedy elsewhere for whatever harm occurred.

In addition the enabling legislation for the Board provides:

"The board of fire and police commissioners shall conduct a fair and impartial hearing of charges, * * * which hearing may be continued from time to time." (Ill. Rev. Stat. 1969, ch. 24, § 10—2.1—17.)

Therefore although the Board failed to comply with its own rules it was still within the limitations set forth by the legislature which ultimately prescribes what jurisdiction an administrative agency will have. Because we cannot discover any prejudice resulting to the appellant and the appellant has only directed our attention to cases which state that rules of an administrative agency have the force and effect of law and an agency is bound by its rules, we conclude the Board in the instant case did not lose jurisdiction by the continuance.

■■ The appellant next contends the Board failed to make an independent determination of "cause for removal" and instead adopted a criteria set forth by the City Council of Harrisburg. In its order discharging the appellant the Board found the following:

"6. Respondent, as charged herein, and contrary to the Rules and Regulations of the Police Department of the City of Harrisburg, Illinois, is guilty of acts unbecoming a police officer, which tended to bring disrepute upon the Police Department of the City of Harrisburg.

7. That the evidence herein is sufficient to warrant a finding and this Board does so find that the Respondent was guilty of conduct unbecoming a police officer in that he did criminal damage to the property of Carolyn Sue Thompson by breaking out the rear window of her 1973 Pontiac Bonneville automobile and further without authority of the said Carolyn Sue Thompson entered her said automobile and further find that Respondent committed assault upon Carolyn Sue Thompson, all in violation of the Statutes of the State of Illinois.

By reason of the findings of fact and the guilt herein, cause exists for the discharge of the Respondent, Wesley B. Flynn, from his position as a police officer in and for the City of Harrisburg, Illinois."

It is appellant's contention as to finding "6" that the Rules and Regulations of the Board do not specify any conduct for a policeman or any acts which may be prohibited. Appellant contends further that the Board under finding "6" yielded its obligation to determine "cause" to the City Council because the Council passed an ordinance providing the Board

may remove a policeman for unbecoming conduct which is detrimental to the best interest of the city.

Although section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, § 10—2.1—17) specifies the Board is to determine "cause" there is statutory authority under which the city may prescribe the duties and powers of police officers. (Ill. Rev. Stat. 1961, ch. 24, § 11—1—2.) In addition, section 5—3—10 of the Code (Ill. Rev. Stat. 1961, ch. 24, § 5—3—10) provides, "[t]he council or board may by such ordinance * * * (3) make such rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city or village." In *Quinlan v. Board of Fire and Police Commissioners*, 27 Ill.App.3d 286, the court held that reference to the city's ordinance proscribing conduct unbecoming a police officer by the city board of fire and police commissioners during disciplinary hearings against city police chief did not prevent the board from making an independent determination of "cause for suspension."

The ordinance passed by the City was consistent with the requirement that the Board should determine "cause" as the ordinance only stated that certain conduct "may be" grounds for discharge, not that it "shall be." The former language still allows the Board to make the determination.

■■■ There is some merit to the appellant's argument that the Rules and Regulations of the Board do not contain any rule regarding conduct unbecoming a police officer and therefore the appellant could not have been guilty of violating those rules. Even though the appellant might not have violated a rule of the Board as found in paragraph "6," a single valid finding of "cause" is sufficient to constitute the basis for an order of discharge. (*Moriarty v. Police Board*, 7 Ill.App.3d 978.) We are of the opinion the finding in paragraph "7" states a valid "cause" for discharge.

■■ Before reaching a decision as to whether there was "cause" for the discharge, it is necessary to determine if the finding itself was adequate. The rule in Illinois is that a decision of an administrative agency must contain findings so as to make judicial review of that decision possible. (*Reinhardt v. Board of Education*, 61 Ill.2d 101.) The decision in the instant case stated adequate findings of fact and guilt in paragraph "7." The Board not only found the appellant guilty of conduct unbecoming an officer but also criminal damage to property by breaking out the window of Ms. Thompson's car, entry into a car without authority, and assaulting Ms. Thompson. The Board's order went on to say that by reason of the findings "cause" existed. We are of the

opinion these findings were adequately set forth as to permit a review of the case.

■■ The appellant claims though that even if these findings are true, they do not constitute good "cause" for the appellant's discharge. We disagree. Cause is not defined by statute but is left to the administrative agency to determine. Our courts have construed the word cause to mean:

> "[S]ome substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognizes as good cause for his no longer holding the position. [Citation omitted.]" *Davenport v. Board of Fire and Police Commissioners*, 2 Ill.App.3d 864, 869, 278 N.E.2d 212, 215 (3rd Dist. 1972).

As stated above it is left to the Board to determine "cause," and it is the rule in Illinois that courts cannot reverse an administrative agency's finding of "cause" unless the findings are so unrelated to requirements of the service or so trivial as to be unreasonable and arbitrary. *Nolting v. Civil Service Com.* 7 Ill.App.2d 147.

In the instant case the findings of "cause" were related to the requirements of the service inasmuch as police officers are supposed to be respected and mediating elements within the community. In this case, the appellant was just the opposite. Furthermore, findings of criminal damage to property and assault are not such trivial matters as to be unreasonable and arbitrary grounds for a police officer's discharge. In *Kammerer v. Board of Fire & Police Commissioners*, 44 Ill.2d 500, an off-duty police officer was discharged for kicking and damaging a squad car, and impugning the character of the chief of police. The Supreme Court of Illinois sustained the Board's finding that these acts constituted "cause" for discharge. Appellant argues the Board's decision was arbitrary because appellant's punishment was severe as compared to other punishments meted out by the Board. However, the actions with which appellant was charged were sufficiently serious to merit the punishment imposed.

■■ The appellant's next contention is, the decision of the Board was not adequately supported in the record. In reviewing a decision of an administrative agency the findings on questions of fact are to be held prima facie true and the decision will not be reversed unless it is against the manifest weight of the evidence. (*Brewton v. Civil Service Com.*, 115 Ill.App.2d 460.) According to one court this means a reviewing court should not reverse unless the opposite conclusion is clearly evident. (*Davenport v. Board of Fire & Police Commissioners*, 2 Ill.App.3d 864.)

In the instant case the opposite conclusion is not clearly evident and the evidence supports the Board's decision.

The witnesses in the Board proceeding contradicted each other's testimony. The facts are essentially as follows: On the evening of March 28, 1973, the appellant, an off-duty Harrisburg policeman, while driving through Johnston City, Illinois, saw a car being driven by Carolyn Sue Thompson, the complainant. Prior to this time the appellant and Ms. Thompson had known one another for approximately two years, during which time they had been lovers. There was conflicting testimony to the effect that a few days before this incident, either Ms. Thompson, the appellant, or both of them had decided to break off their relationship.

After sighting Ms. Thompson's car the appellant followed her around the block until one or both of them decided to stop on the side of the road. The appellant stopped behind Ms. Thompson's car and proceeded to get out of his car and walk toward the car in which Ms. Thompson and a friend, June Trail, had been riding. There is conflicting testimony as to what happened next. Ms. Thompson testified that when the appellant reached the car he started to say rude and abusive things to her. She claimed while this was occurring the windows of the car were rolled up and the doors were locked.

After a few minutes of this conversation the appellant shattered the glass in the left rear quarter window of the car with his fist. The complainant claims the appellant then reached through the hole he had created and unlocked the driver's side door. Ms. Thompson testified that at this point the appellant shook his fist in her face and told her she would not make it back to Harrisburg alive.

Immediately after this the complainant and Ms. Trail got out of the car in order to find a telephone to call the police. Ms. Thompson claims they were running away from the car when they sighted a Johnston City policeman. They hailed his car and he returned with them to the scene of the incident where the policeman took the appellant into custody.

The appellant on the other hand claims that when he approached the car the window was only rolled halfway up and the driver's side door was unlocked. He testified that he opened the door and was leaning against it while having a heated conversation with Ms. Thompson. It is his contention that he began to walk away from the car at which point he became very angry and slammed his fist through the window. He testified he did not remember drawing his hand back to strike the window and had not intended to do any damage. He denied ever shaking his fist in Ms. Thompson's face. He claims that Ms. Thompson and Ms. Trail then got out of the car and began walking down the street rather than running as Ms. Thompson claimed.

This case presents what amounts to a swearing contest between Ms. Thompson and the appellant, in which the Board chose to believe Ms. Thompson. The mere fact the Board based its decision on testimony which is conflicting is not a sufficient basis for reversing a board's decision as being against the manifest weight of the evidence. (*Ceja v. State Police Merit Board*, 12 Ill.App.3d 52; *Schwarze v. Board of Fire & Police Commissioners*, 46 Ill.App.2d 64.) Furthermore, it was for the Board, not the reviewing court, to judge the credibility of the witnesses and to weigh the evidence. *Davenport v. Board of Fire & Police Commissioners*, 2 Ill.App.3d 864.

■■ In the instant case there was testimony by Ms. Thompson that appellant shook his fist in her face while at the same time saying she would not make it back to Harrisburg alive. This would have been sufficient evidence upon which the Board could base its finding of an assault. In addition there is uncontradicted testimony that the appellant struck a car window and broke it. The Board could reasonably have found from the evidence presented that the appellant knowingly damaged the property of another without her consent, a criminal violation. (Ill. Rev. Stat. 1973, ch. 38, § 21—1(a).) The appellant claims he did not recall drawing back his fist to strike the window and thereby infers his act was not done knowingly. It was the Board's prerogative to weigh this evidence along with the other evidence in rendering its decision.

The appellant next attempts to point out contradictions in Ms. Thompson's testimony before the Board in order to show the decision was against the manifest weight of the evidence. He first claims that in a subsequent criminal trial Ms. Thompson admitted the window of her car was not rolled all the way up as she had stated in the hearing before the Board. This was not a material matter in either the assault or the criminal damage to property and therefore we are not of the opinion that it significantly undermines the Board's decision.

The appellant goes on to argue there was evidence produced in the polygraph test which showed Ms. Thompson was not being truthful on the issue of whether the appellant shook his fist in her face. Given the Board's duty to judge the credibility of witnesses and weigh the evidence, we are not in a position to substitute our judgment for that of the Board's. Even if we were to find Ms. Thompson's testimony was sufficiently negated by the results of the polygraph as to reverse that finding, there is sufficient evidence to uphold the finding of "cause" on the issue of criminal damage to property so as not to reverse the case.

■■ The appellant argues further that the voluntary dismissal by the State of the criminal charges against him supports his claim that the decision was against the manifest weight of the evidence. This argument

is without merit. In *Rizzo v. Board of Fire & Police Commissioners*, 131 Ill.App.2d 229, 237, the appellant asked the court to take judicial notice that the State nolle prossed one of the criminal complaints against him, but the court found, "neither a record of a conviction nor a judgment of acquittal or dismissal * * * is admissible in a civil case even though based on the same conduct. [Citations.]" Furthermore, there is a difference in the quantum of proof necessary to make a finding of guilt in a criminal case as opposed to a civil case.

■■ The appellant's final contention is the Board failed to accord him a fair and impartial hearing as required. He claims he did not receive procedural due process because the Board failed to hire an attorney to advise it as well as have a separate attorney prosecute the charges. In the instant case the Board had its own attorney who advised them during the hearing, the appellant was represented by his own attorney, and the complainant was represented by her own attorney who also acted as the prosecutor. In *Rizzo* the court was impressed by the fact the attorneys each had separate functions to perform and did not act in multiple roles. In addition they found the Board's attorney merely advised, while the Board conducted the hearing and made the decisions.

In the two cases cited by the appellant, *Miller v. Board of Education*, 51 Ill.App.2d 20, and *Gigger v. Board of Fire & Police Commissioners*, 23 Ill.App.2d 433, the courts found the hearings unfair either because the lawyer for the Board acted in multiple capacities or because he usurped the duty of the Board to conduct the hearings and make the rulings. In the instant case there is no evidence that any of the attorneys acted in multiple capacities or that the Board's attorney did anything but advise. We are therefore of the opinion the appellant received a fair and impartial hearing.

For the foregoing reasons, the order of the Circuit Court of Saline County affirming the finding of the Board of Fire and Police Commissioners of Harrisburg is affirmed.

Judgment affirmed.

JONES, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

In my opinion the Board's violation of its own rules deprived it of jurisdiction to dismiss appellant from his employment.

Article 5 of the "Rules and Regulations of the Board of Fire and Police Commissioners, City of Harrisburg, Illinois" specifies the procedure that is to be followed by the Board in holding hearings on charges that are brought against a police officer. Section 2 of article 5 states:

"Notification of Charges. That Board shall cause notification in writing of such charges to be served personally upon the officer or fireman against whom such charges are lodged or shall send the same registered mail to his address, as shown by the records of the Board, notifying him of the time and place of the hearing on said charges. No such hearing shall be held less than five nor more than ten days after the serving or mailing of the notice."

Section 3 of article 5 says in part:

"If an officer or fireman is suspended pending hearing, the Board may not, on its own motion, continue the hearing to a date beyond thirty days from the date of suspension."

Section 6 of article 5 contains the sentence:

"No suspension may be for a period greater than thirty days pending hearing, or for a greater period than 10 days thereafter."

When the Board held the hearing more than 10 days after the written charges and notice of hearing had been served on the plaintiff (that is, more than 10 days after April 4, 1973), the Board disregarded article 5, section 2, of its rules. That section says that the Board may not hold a hearing on charges against a police officer after 10 days have passed from the giving of notice of the charges to the police officer. Because the plaintiff was first suspended on April 5, 1973, the time of 30 days from the date of his suspension was completed on May 5, 1973, therefore, by continuing the hearing on its own motion past May 5, 1973, the Board violated article 5, section 3, of its rules. The Board disregarded article 5, section 6, of its rules by suspending the plaintiff for more than 30 days before the termination of his hearing. The plaintiff has objected to all these violations of the Board's rules.

The question is whether the Board's violation of its own rules deprived it of jurisdiction to hear the charges against the plaintiff, and of authority to dismiss the plaintiff on the basis of the charges. The majority opinion considers only the significance of the Board's failure to comply with article 5, section 3, of its rules by continuing on its own motion the hearing beyond the end of 30 days from the date on which the plaintiff was first suspended and relies on *Brewton v. Civil Service Com.*, 115 Ill.App.2d 460, 253 N.E.2d 504. The majority states that the continuance did not deprive the Board of jurisdiction because the continuance was not prejudicial to the plaintiff.

*Brewton* involved section 10—1—18 of the Municipal Code (Ill. Rev. Stat. 1965, ch. 24, par. 10—1—18) which provides that "no * · * * employee in the classified civil service of any municipality * * * shall be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to

be heard in his own defense." The complaining employee in *Brewton* argued that the statute means that if a municipality suspends an individual, the local civil service commission must hear the charges against the individual within 30 days of the date of his suspension or else lose jurisdiction to hear the charges. In response to this argument, the appellate court quoted *Foreman v. Civil Service Com.*, 7 Ill.App.2d 122, 129 N.E.2d 245, a case in which a similar argument had been made:

> " 'The statute, it is true, limits the length of this suspension. There is, however, no express language that charges must be filed, witnesses heard and the report of the Commission disposing of the charges filed within the 30-day period. We conclude that it would be unreasonable to find that it is the statutory intent to impose a fixed period of such short duration within which the Commission must hear and determine a cause or else lose jurisdiction thereof." 115 Ill.App.2d 460, 464, 253 N.E.2d 504, 506.

In contrast with *Brewton* and *Foreman*, there is express language in the present case that the Board of Fire and Police Commissioners must hold its hearing within 10 days of giving notice of the charges to the police officer, and that the Board of Fire and Police Commissioners may not continue a hearing on its own motion beyond the end of 30 days from the date on which the police officer is first suspended. *Brewton* and *Foreman* are therefore not controlling on the question whether the Board's disregard of the explicit requirements of its own rules caused it to lose its jurisdiction to hear and to act on the charges. The majority erroneously states that the *Brewton* court held that the statute prescribed a 30-day period for filing the charges under the statute and that a failure to so file within the designated time was not jurisdictional. This statement is incorrect because the *Brewton* court did not so hold.

Section 10—2.1—5 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, 10—2.1—5) commands the Board of Fire and Police Commissioners to adopt rules concerning "the conduct of hearings on charges brought against a member of the police or fire department." That section allows the Board to change the rules "from time to time" and specifies a procedure which the Board must follow in order to change the rules:

(1) The change must be printed for distribution;

(2) the Board must publish in a local newspaper a notice of the place where a copy of the printed change in the rules may be obtained, and a notice of the date when the change will become effective;

(3) the change in the rules may not become effective until 10 days after the Board's notice of the change is published.

These formalities which the Board must observe in order to change a rule mean that the Board may not disregard its own rules.

Rules and regulations of administrative agencies have the force of statutes and once having established rules and regulations pursuant to statute, an administrative agency is bound by them and may not violate them. *Margolin v. Public Mutual Fire Insurance Co.*, 4 Ill.App.3d 661, 281 N.E.2d 728. See also *Crofts v. Board of Education*, 105 Ill.App.2d 139, 245 N.E.2d 87; *People ex rel. Berquist v. Gregory*, 337 Ill.App. 661, 86 N.E.2d 434; *Cartan v. Gregory*, 329 Ill.App. 307, 68 N.E.2d 193; *Chicago v. Bullis*, 124 Ill.App. 7, *aff'd*, 221 Ill. 379, 77 N.E. 575; *Lindblom v. Doherty*, 102 Ill.App. 14; *Ptacek v. People ex rel. Deneen*, 94 Ill.App. 571, *aff'd*, 194 Ill. 125, 62 N.E. 530.

*Chicago v. Bullis* is especially relevant to the present case. In *Bullis* a police officer was dismissed by the Civil Service Commission of Chicago for conduct that was improper for a police officer. The Civil Service Commission had adopted a rule which required that a written notice, stating the time and place at which a hearing would be held, be served on an employee against whom charges had been made. The Civil Service Commission had violated its own rule by failing to serve notice on the accused police officer. The police officer appealed from his dismissal and argued that the Civil Service Commission had not had jurisdiction to hear the charges against him because it had disregarded its procedural rule about the giving of notice. The appellate court agreed with the police officer and said that the rule was "as binding as if made directly by the legislature." (124 Ill.App. 7, 17.) The Supreme Court affirmed at 221 Ill. 379.

The Rules of the Board of Fire and Police Commissioners of Harrisburg were therefore binding on that administrative agency. Because the Board held its hearing on the charges against the plaintiff at a time when, according to the Board's own rules, it could not hold the hearing over the objections of plaintiff, the Board lost its jurisdiction to hear the charges against the plaintiff and could not dismiss the plaintiff on the basis of the charges.

The judgment of the circuit court of Saline County upholding the dismissal of the plaintiff from the Harrisburg police force should be reversed.