(No. 79-CC-0021—

CHRISTOPHER PACELLI, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 2, 1980.*

CHRISTOPHER PACELLI, *pro se*, for Claimant.

ROE, C. J.

A complaint has been filed by Christopher Pacelli, who was a certified employee in the Illinois Department of Mental Health, for $113.18 which represented a pay differential between the straight time rate for two holidays worked, and the double time rate to which Claimant alleges entitlement. The Department paid Claimant the equivalent of the straight time rate based upon the provision of Rule 3—200 and Rule 3—220 of the Personnel Code which was authorized pursuant to Ill. Rev. Stat. 1977, ch. 127, par. 63b 108, and these rules have the force and effect of law. Claimant alleges entitlement to double time pay for these two holidays worked based upon the Collective Bargaining Agreement, article 8, section

8.4(IV), effective July 1, 1977, which authorized union employees to elect to receive double time pay for working legal holidays.

The issue before the court is what provision will prevail when there is a conflict between a collective bargaining contract and Rules of the Department of Personnel. The Rules, pursuant to Ill. Rev. Stat. 1977, ch. 127, par. 63b 108, have the force and effect of law, and are binding as if made directly by the Legislature. *City of Chicago v. Bullis*, 124 Ill. App. 7, 17, affirmed in *Powell v. Bullis* 77 N.E. 575, 221 Ill. 379. Any contract provision which is in conflict with existing law cannot prevail, and, is invalid.

The Personnel Rule 3—200 and Rule 3—220 specifically provided for equivalent time off or an additional vacation day which also amounts to equivalent time off. Article 8, section 8.4 (IV), of the Collective Bargaining Agreement effective July 1, 1977 provided for union employees to secure double time pay for working holidays, which is in direct conflict with the Rules of the Department of Personnel which still affect all civil service employees whether union members or non-union members.

It is therefore the opinion of this court that the claim for double time pay should be denied, and it is the Order of this court that the complaint herein should be dismissed with prejudice.