(No. 79-CC-0613— )

James Thomas, Claimant, *v.* The State of Illinois, Respondent.

*Order filed September 4, 1980.*

James Thomas, *pro se*, for Claimant.

Roe, C. J.

This cause coming on to be heard on the motion of Respondent to dismiss, due notice having been given, and the Court being fully advised in the premises;

A complaint has been filed by James Thomas seeking retroactive compensation in the amount of $26.64 which represents the difference between the double time rate to which Mr. Thomas alleges entitlement and the straight time rate at which he was actually paid for working on a holiday. Claimant based his claim on Art. VI, Section 6.4, Item c of the Local 726 Teamsters Agreement.

In the motion to dismiss, Respondent points out that Personnel Rules 3—200 and 3—220 provide that an employee shall be paid at a straight time rate for all holidays worked.

Thus the issue before us is what provision will prevail when there is a conflict between a collective bargaining contract and the Rules of the Department of Personnel. We find that the Rules, pursuant to Ill. Rev. Stat. 1977, ch. 127, Sec. 63b 108, have the force and effect of law, and are binding as if made directly by the Legislature. *City of Chicago v. Bullis* 77 N.E. 575, 221 Ill. 379; *Braswell v. State*, No. 78-CC-2073, Ill. Ct. Cl., filed

June 25, 1980. Any contract provision which is in conflict with existing law cannot prevail and is invalid.

We find that the contract provision by which Claimant is seeking compensation is in direct conflict with Rules of the Department of Personnel. Therefore the claim for double time pay is hereby denied and, because Claimant has already been compensated at straight time pay for the time worked, as provided for in the Rules, this claim is hereby dismissed with prejudice.