GEORGE C. STRAWBRIDGE, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LAW ENFORCEMENT *et al.*, Defendants-Appellants.

Fourth District   No. 15195

Opinion filed March 26, 1979.

William J. Scott, Attorney General, of Springfield (Robert V. Ogren and Morton E. Friedman, Special Assistant Attorneys General, of counsel), for appellants.

Edward G. Coleman, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the question of whether, in a proceeding before the Illinois State Police Merit Board (Merit Board) pursuant to a petition by the Superintendent of the Illinois State Police (petitioner) to dismiss a State trooper, a stipulation between the trooper (plaintiff) and the Attorney General on behalf of the petitioner for the imposition of a lesser penalty is binding upon the Merit Board.

On June 23, 1977, the Superintendent of the Illinois State Police filed such a petition with defendant Merit Board against plaintiff George C. Strawbridge. A hearing before the Merit Board was set for August 23, 1977. Prior to that date, plaintiff, through his attorney, and the Attorney General on behalf of the petitioning Superintendent entered into a written agreement by which the plaintiff would (1) accept a 120-day suspension from duty and pay, (2) be restored to active duty, (3) accept a transfer to a new district to which he would report on October 22, 1977, (4) establish a residence in his new district prior to reporting there, and (5) pay his own moving expenses. On August 23, 1977, the written agreement was presented to the Merit Board but the Merit Board refused to accept the agreement and continued the hearing. Subsequently, the petition for removal was heard on its merits and on November 17, 1977, the Merit Board entered an order finding plaintiff to have engaged in most of the conduct alleged and discharging plaintiff from his position.

On December 21, 1977, plaintiff filed in the circuit court of Sangamon County, a complaint for administrative review from the November 17, 1977, order of the Merit Board. After a hearing, the circuit court found that the stipulation was reasonable, not obtained by fraud and not contrary to public morals or public policy. The circuit court concluded that because the stipulation had been signed by the Attorney General of the State, it was binding on the Merit Board which was an agency of the State. On August 2, 1978, the circuit court entered an order reversing the Merit Board and remanding the case to them with directions that the Merit Board "abide by and perform the terms and conditions" of the written agreement.

■■ The State of Illinois, Department of Law Enforcement, the Illinois State Police Bureau of Patrol and the Merit Board and its members were made defendants to the complaint for administrative review. They appeal maintaining that (1) the court exceeded its authority under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 275) in ordering the Merit Board to accept the written agreement, and (2) the written agreement was not binding on the Merit Board. We need not discuss the authority of the circuit court in administrative review

proceedings because we determine that the agreement was not binding on the Merit Board. We do not dispute plaintiff's assertions that it is the policy of the law to encourage settlements and that courts ordinarily enforce a stipulation by the parties in civil matters unless the stipulation is unreasonable, contrary to public morals or the result of fraud (*People ex rel. Stead v. Spring Lake Drainage & Levee District* (1912), 253 Ill. 479, 97 N.E. 1042; *In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 248 N.E.2d 513). However, an administrative body such as the Merit Board is not a court but both an adjudicatory and a regulatory body. Its duties are set forth in section 8 of "An Act in relation to the State Police" (Ill. Rev. Stat. 1977, ch. 121, par. 307.8), which states, in part:

> "The Board shall have jurisdiction over the appointment, promotion, discipline, removal, demotion and suspension of sworn law enforcement officers."

Further, section 14 of that act (par. 307.14) states in part,

> "Except as is otherwise provided in this Act, no sworn law enforcement officer shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Director and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. * * * If the charges against an accused are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, *in the opinion of the members thereof, the offense merits.*" (Emphasis added.)

Although no case in point has been called to our attention, we consider the cited statute to provide that the Merit Board be not only an arbitrator of disputes over matters within its "jurisdiction," but that it have policy making responsibilities as well. Because of the function of the Merit Board, we consider the following statement to set forth its powers in regard to stipulations between the parties in attempted settlements of disputes over the discipline of State troopers.

> "In some instances, it has been held proper where proceedings have been instituted before an administrative officer or body to determine the rights of particular persons or groups for their rights to be compromised and settled; but the board or commission is a party in interest with respect to the matters involved and any agreement between the parties settling their differences must have its approval." 73 C.J.S. *Public Administrative Bodies & Procedure* §52, at 375 (1951).

Plaintiff stresses that the agreement was entered into by the

Attorney General who is the legal officer for the State and all of its agencies (*Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 372 N.E.2d 50). Plaintiff asserts that because of the Attorney General's action, the agreement is binding upon not only the Department of Law Enforcement and the Bureau of Patrol but upon the Merit Board as well because they are all State agencies. However, inherent in the Attorney General's authority to represent conflicting interests of State agencies, as set forth in *Environmental Protection Agency v. Pollution Control Board,* is the obvious rule that a position taken on behalf of one agency does not bind other agencies. The Attorney General's agreement here was binding upon the petitioner to the request that the trooper be removed and the entities on whose behalf the petition was filed, but not upon the Merit Board.

██ In the written agreement that is the subject matter of this case, plaintiff admitted nearly all of the allegations of the charges against him. He asserts that he has been greatly prejudiced because the members of the Merit Board who heard his case had seen the document before the hearing on the merits. Ordinarily the power of the circuit court on administrative review is to determine if the decision of the administrative agency was arbitrary, unreasonable or contrary to the manifest weight of the evidence (*Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 285 N.E.2d 589; *Aarco American, Inc. v. Baylor* (1974), 18 Ill. App. 3d 14, 309 N.E.2d 380). However, where the procedure at an administrative hearing works a substantial injustice, errors other than those concerning the manifest weight of the evidence may be considered. See *Aluminum Coil Anodizing Corp. v. Pollution Control Board* (1976), 40 Ill. App. 3d 785, 351 N.E.2d 612; Ill. Rev. Stat. 1977, ch. 110, par. 275(2).

The petition alleged that plaintiff had:

(1) committed the following offenses in violation of State law:

(a) conspiracy in that he agreed with another to display 1977 Illinois Vehicle Registration not lawfully issued to plaintiff,

(b) improper use of evidence of registration or certificate of title by displaying registration plates issued to another,

(c) operating a vehicle without evidence of registration,

(d) failure to execute an application for a new certificate of title within 15 days of delivery of title assignment,

(e) theft in that he knowingly obtained or exerted unauthorized control over four 1x12 inch planks of lumber, 10 feet long, belonging to Staley Lumber Co. with the intent to permanently deprive the owner of such,

(f) obstruction of justice in that he furnished false information to Champaign County Sheriff's Deputies on

two different occasions with the intent to avoid his apprehension for the above alleged theft;

(2) knowingly submitted false and misleading information as stated above and to his superior officers;

(3) used his official Illinois State Police identification to ward off the consequences of the alleged theft by displaying his badge and representing to Staley's assistant general manager that he was there in his official capacity;

(4) engaged in conduct unbecoming an officer by committing the acts alleged above.

■■ A dispute exists as to how much of the stipulation had been seen by members of the Merit Board. Assuming *arguendo* that all of the members were aware that plaintiff had admitted in the stipulation most of the conduct charged against him, we do not deem sufficient prejudice to have occurred to justify setting aside the Board's ruling upon the basis that the procedure here deprived plaintiff of fundamental fairness. The evidence that plaintiff committed most of the conduct charged was very strong even without his admissions. A ruling by the Board in favor of the plaintiff on most of the charges would have been contrary to the manifest weight of the evidence.

The conduct which plaintiff committed was most serious for a law enforcement officer. The judgment setting aside his dismissal is reversed.

Reversed.

TRAPP and MILLS, JJ., concur.