LULA FITZPATRICK, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

Fourth District    No. 4—94—0170

Argued October 12, 1994.—Opinion filed October 20, 1994.

Harvey C. Welch (argued), of Urbana, for petitioner.

Michael A. Warner (argued), of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Estella Vallejo, of Caterpillar, Inc., of Peoria, for respondent Caterpillar, Inc.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General (argued), of counsel), for respondent Human Rights Commission.

JUSTICE LUND delivered the opinion of the court:

This case arises from a complaint filed with the Illinois Human Rights Commission (Commission). The complaint alleged Caterpillar discriminated against Lula Fitzpatrick on the basis of her sex, race, and physical handicap when it failed to accommodate her request for a transfer from the third shift to the first shift. Fitzpatrick is a black female welder who suffers from a sleeping disorder. Caterpillar denied any discrimination against Fitzpatrick and asserted her sleeping disorder is not a physical handicap under the Illinois Human Rights Act (Act) (see 775 ILCS 5/1—103(I) (West 1992)).

On September 18, 1992, Fitzpatrick and Caterpillar filed a joint

motion to continue the public hearing and attached to the motion the following stipulation:

"IT IS HEREBY STIPULATED that the reason Respondent did not accommodate Complainant by placing her on a first shift position when she attempted to return to work is because the third shift position was the only position to which Complainant was entitled under the seniority provisions of the Labor Agreement between Caterpillar[,] Inc.[,] and the United Auto Workers, including the Local Supplement between the Decatur Plant and Local Union 751.

Accordingly, it is hereby stipulated that in order for Complainant to prevail in this action, the Commission would have to order that Respondent, Caterpillar[,] Inc., had a duty to accommodate Complainant by transferring her from a third shift to a first shift position, notwithstanding the seniority provisions of said Labor Agreement which precluded such a transfer.

In light of the above Stipulation, IT IS AGREED by and between the Complainant and Respondent, by their respective attorneys, that there is a determinative issue of law which can be presented to the Commission by a Motion for Summary Judgment filed by Respondent, without the requirement of an evidentiary hearing. Accordingly, the parties jointly agree that the hearing scheduled for September 22, 1992[,] in this matter should be continued until after the Respondent has an opportunity to file its Motion for Summary Judgment and the parties have had an opportunity to file briefs with respect to the issue."

In its summary judgment motion, Caterpillar argued (1) Fitzpatrick's claims were preempted by Federal labor law; (2) the collective-bargaining agreement between Caterpillar and Local 751 precluded Caterpillar from transferring Fitzpatrick; and (3) pursuant to Illinois law, Caterpillar had no duty to accommodate Fitzpatrick's handicap.

In response to Caterpillar's summary judgment motion, Fitzpatrick attacked the accuracy of the stipulation. In support of her argument, Fitzpatrick attached two unsworn letters purportedly signed by a local union representative and a copy of a decision of an arbitrator denying Fitzpatrick's worker's compensation claim. Fitzpatrick did not file any counteraffidavits in response to Caterpillar's motion.

On January 19, 1993, Caterpillar filed a reply. Caterpillar argued (1) Fitzpatrick was bound to the stipulated facts, and (2) Fitzpatrick's exhibits were insufficient to defeat the summary judgment motion because they were not supported by affidavits.

In ruling on the summary judgment motion, an administrative law judge (ALJ) for the Commission recommended the Commission

dismiss Fitzpatrick's complaint. (*In re Fitzpatrick* (May 25, 1993), ____ Ill. Hum. Rights Comm'n Rep. ____ (HRC No. 1988—SF—0580) (hereinafter ALJ's recommended decision of May 25, 1993).) The ALJ held, pursuant to the stipulation, Caterpillar's decision to not transfer Fitzpatrick was based upon seniority provisions of the labor agreement, not sex, race, or handicap status. Thus, there was no evidence of discrimination in denying Fitzpatrick's request. In the alternative, the ALJ found Fitzpatrick's claim was preempted by Federal labor law. The ALJ noted "where, as here, the parties have stipulated that the reason that the Respondent [(Caterpillar)] did not accommodate Complainant's [(Fitzpatrick's)] transfer request was due to the terms of the Labor Agreement, any dispute over Respondent's [(Caterpillar's)] failure to accommodate Complainant's [(Fitzpatrick's)] request is a matter of Federal law." (ALJ's recommended decision of May 25, 1993, slip decision at 12.) Accordingly, the ALJ recommended the Commission dismiss Fitzpatrick's complaint.

Fitzpatrick filed exceptions to the ALJ's recommendation and Caterpillar filed a response. In November 1993, a three-member panel of the Commission dismissed the complaint with prejudice. (*In re Fitzpatrick* (Nov. 8, 1993), ____ Ill. Hum. Rights Comm'n Rep. ____ (HRC No. 1988—SF—0580) (hereinafter HRC's order of Nov. 8, 1993).) The Commission specifically declined to rule on the Federal preemption issue. The Commission noted *Caterpillar, Inc. v. Human Rights Comm'n* (1987), 154 Ill. App. 3d 424, 506 N.E.2d 1029, makes it clear there is no cause of action under Illinois law based upon the stipulated facts. Consequently, the Commission based its decision on Illinois law rather than preemption.

First, the Commission ruled Fitzpatrick was bound to the stipulation entered into by her attorney. To hold otherwise would render stipulations meaningless. Second, the Commission concluded the unsworn documents filed with Fitzpatrick's response to the summary judgment motion were not sufficient to defeat Caterpillar's motion. Third, the Commission found, based on the stipulation of the parties, there was no material issue of fact concerning alleged discrimination. The Commission held there was no duty under Illinois law to accommodate Fitzpatrick by transferring her from one shift to another shift to which she would not normally be entitled. In this case, Fitzpatrick sought the transfer only to accommodate her handicap, but did not show such transfers were routinely allowed for persons without handicaps. The Commission also ruled the duty to accommodate would not require Caterpillar to violate the seniority provisions of the collective-bargaining agreement. Consequently, the Commission dismissed Fitzpatrick's complaint.

Thereafter, the Commission denied Fitzpatrick's petition for rehearing before the full Commission. Fitzpatrick appeals the Commission's order dismissing the complaint. This matter is now before this court on administrative review as provided by section 8—111(A)(1) of the Act (775 ILCS 5/8—111(A)(1) (West Supp. 1993)). We affirm.

Under section 3—110 of the Administrative Review Law, a court's review extends to all questions of law and fact presented by the record. (735 ILCS 5/3—110 (West 1992).) An administrative agency's findings of fact are sustained unless the reviewing court determines such findings are against the manifest weight of the evidence. (*Envirite Corp. v. Illinois Environmental Protection Agency* (1994), 158 Ill. 2d 210, 214, 632 N.E.2d 1035, 1037.) This rule does not apply where a legal question is involved. (*Envirite Corp.*, 158 Ill. 2d at 214, 632 N.E.2d at 1037.) For example, courts give deference to some questions of law while reviewing other questions of law *de novo*. Generally, courts accord deference to the interpretation of a statute by an administrative agency. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 361, 522 N.E.2d 1219, 1222.) However, an administrative agency's interpretation is not binding and will be rejected when it is erroneous. (*City of Decatur*, 122 Ill. 2d at 361, 522 N.E.2d at 1222.) Concerning the legal effect of a stipulation, the standard of review is *de novo*. See, *e.g.*, *Landmark Trust Co. v. Aitken* (1992), 224 Ill. App. 3d 843, 847, 587 N.E.2d 1076, 1079 (when evidence is documentary, appellate court determines the effect of a stipulation independently of the trial court's judgment).

■ Initially, Fitzpatrick contends she is not bound by the stipulation entered into by her attorney because the stipulation was factually incorrect and was made without her knowledge or agreement. Specifically, Fitzpatrick attacks the admission that she did not have the requisite seniority to accommodate her transfer request.

In Illinois, courts look favorably upon stipulations which promote disposition of cases and simplification of issues. (*Dawdy v. Sample* (1989), 178 Ill. App. 3d 118, 127, 532 N.E.2d 1128, 1135.) Stipulations by parties or their attorneys will be enforced unless there is a proper showing the stipulation is unreasonable, violative of public policy, or the result of fraud. (*Strawbridge v. Department of Law Enforcement* (1979), 70 Ill. App. 3d 229, 231, 388 N.E.2d 203, 204.) Importantly, Fitzpatrick does not allege the stipulation is unreasonable, violative of public policy, or the result of fraud. Absent allegation or evidence of these grounds, there is no basis to support setting aside the stipulation.

An attorney has the authority to make judicial admissions on behalf of a client by stipulation. (*Fayette County Hospital v. Reavis* (1988), 169 Ill. App. 3d 246, 252, 523 N.E.2d 693, 696.) Even absent express authority, a client is bound by a stipulation made by her attorney where the client fails to seasonably apply for relief from the stipulation. (*In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 192-93, 248 N.E.2d 513, 516.) Fitzpatrick cites *Moss* for the proposition that courts should grant relief where the stipulation is untrue. However, *Moss* more precisely requires parties seeking relief from a stipulation to make a clear showing the matter stipulated is untrue. (*Moss*, 109 Ill. App. 2d at 192-93, 248 N.E.2d at 516.) In this case, Fitzpatrick failed to make a "clear showing" the stipulation is untrue.

Caterpillar based its motion for summary judgment on the stipulation. Summary judgment is proper if the pleadings, admissions, and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Larson v. Decatur Memorial Hospital* (1992), 236 Ill. App. 3d 796, 800-01, 602 N.E.2d 864, 868.) If the party supplies sworn facts which warrant judgment in its favor as a matter of law, the opponent, in this case Fitzpatrick, may not rest on her pleadings to create a genuine issue of fact. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459.) These principles apply to summary judgment actions before the Commission. See *Cano v. Village of Dolton* (1993), 250 Ill. App. 3d 130, 137-41, 620 N.E.2d 1200, 1206-08.

■ Fitzpatrick countered Caterpillar's motion for summary judgment by attacking the accuracy of the stipulated facts. However, Fitzpatrick did not attach any affidavits or sworn documents to her response. Failure to oppose a summary judgment motion supported by affidavits or stipulations by filing counter-affidavits in response is fatal. (See *Cano*, 250 Ill. App. 3d at 137-41, 620 N.E.2d at 1206-08.) Consequently, Fitzpatrick's failure to provide affidavits countering the stipulated facts was not a clear showing of error sufficient to overcome Caterpillar's summary judgment motion.

■ Fitzpatrick next argues the Commission erred in finding her discrimination claim was preempted by Federal law. In her appellate brief, Fitzpatrick cites many cases concerning Federal preemption and asserts her claim is not preempted. Apparently, Fitzpatrick overlooked the fact that it was the ALJ who relied on preemption as a basis to dismiss the compliant, not the Commission. In fact, the Commission specifically refused to adopt this ground for dismissal. The appellate court can only review the final decision of the Commission, not the findings and recommendation of the ALJ.

(*Sherman v. Human Rights Comm'n* (1990), 206 Ill. App. 3d 374, 385, 564 N.E.2d 203, 211.) Consequently, the question of Federal preemption is not properly before us in this case.

The Commission relied on Illinois law to dismiss the complaint. Based on the stipulated facts, the Commission held Caterpillar had no duty to accommodate Fitzpatrick by transferring her from a third shift position to a first shift position. Where facts are not in dispute, their legal effect is a matter of law. (*Cojeunaze Nursing Center v. Lumpkin* (1994), 260 Ill. App. 3d 1024, 1029, 632 N.E.2d 146, 149.) As previously stated, the legal effect of stipulated facts is a question of law and the standard of review is *de novo. Board of Education of Du Page High School District No. 88 v. Illinois Educational Labor Relations Board* (1992), 246 Ill. App. 3d 967, 973-74, 617 N.E.2d 790, 794.

■ We affirm the Commission's decision to grant Caterpillar's summary judgment motion and dismiss the complaint. Caterpillar based its summary judgment motion on the stipulation which effectively disposed of any issues of material fact. The parties stipulated that in order for Fitzpatrick to prevail, the Commission would have to find Caterpillar was obligated to accommodate Fitzpatrick by transferring her from one position to another. In Illinois, the duty to accommodate only requires employers to accommodate a handicapped employee in the employee's present position for which she was hired. (See *Caterpillar, Inc.*, 154 Ill. App. 3d at 429, 506 N.E.2d at 1033.) Employers are not required to reassign or transfer an employee whose handicap precludes her from doing her original job. (*Hess v. Clarcor, Inc.* (1992), 237 Ill. App. 3d 434, 449-50, 603 N.E.2d 1262, 1273; see *Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142, 159, 601 N.E.2d 720, 728.) The Commission correctly noted "if the employee is incapable of performing his or her present job, the duty of a reasonable accommodation does not extend to giving the employee another job which that employee can perform." HRC's order of Nov. 8, 1993, slip at 4.

Today, we make clear the duty to accommodate in Illinois only extends to accommodating a handicapped employee in the employee's present position. It does not require employers to transfer a handicapped employee to a different shift. The burdens of transferring a handicapped employee to a different shift could be unduly disruptive to employers' businesses, requiring bumping other employees. Such would exceed the duty of reasonable accommodation.

The Commission also decided transferring Fitzpatrick to a first-shift position would violate the seniority provisions of the collective-

bargaining agreement. We agree such an accommodation could be unduly disruptive. The judgment of the Commission is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.