Filed 9/11/09        NO. 4-08-0809

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CHAMPAIGN-URBANA PUBLIC HEALTH DISTRICT, | ) ) | Appeal from Circuit Court of |
|      Plaintiff-Appellant, | ) | Champaign County |
|      v. | ) | No. 08MR121 |
| THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY OF THE STATE OF ILLINOIS; JAMES P. SLEDGE, as Director of the Department of Employment Security of the State of Illinois; THE DEPARTMENT OF EMPLOYMENT SECURITY OF THE STATE OF ILLINOIS; and SHELLEY J. SCOTT, | ) ) ) ) ) ) ) ) ) | Honorable Thomas J. Difanis, |
|      Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In January 2006, plaintiff, Champaign-Urbana Public Health District (the District), hired codefendant Shelley J. Scott as its finance director. In May 4, 2007, Scott submitted her unsolicited letter of resignation to the chairperson of the District's board. Thereafter, Scott applied for unemployment benefits, which the Department of Employment Security granted. The District contested the Department's grant in this regard, citing section 601(A) of the Unemployment Insurance Act (Act) (820 ILCS 405/601(A) (West 2006)) and arguing that because Scott had resigned, she was not eligible for unemployment benefits. Following an administrative hearing, the Board of Review found that Scott had not resigned but had been discharged.

In February 2008, the District filed a complaint for administrative review seeking reversal of the Board's decision.

In October 2008, the circuit court affirmed the Board of Review's decision.

The District appeals, arguing that Scott voluntarily resigned, rendering her ineligible for unemployment benefits under the Act. We agree, reverse the circuit court's judgment, and remand with directions.

## I. BACKGROUND

In May 2007, Scott anonymously reported to the District's board that her supervisor had engaged in financial impropriety with District funds. Thereafter, the District's board investigated these allegations.

On May 4, 2007, Scott removed all personal items from her office and submitted an unsolicited letter of resignation to the chairperson of the District's board, Carol Elliott. Scott's letter cited difficulty with her supervisor as the reason for her departure, which she noted was "effective immediately." After receiving the letter of resignation, Elliott asked Scott if she would be willing to stay at her job if her supervisor was no longer employed by the District. Scott responded that she would stay. That same day, the District's board suspended Scott's supervisor pending the results of its investigation. Elliott later testified that her question to Scott was merely hypothetical. However, Scott testified that she interpreted Elliott's question as an offer of continued employment, which she accepted.

Scott returned to her empty office on Monday, May 7, 2007. Scott's acting supervisor, Julie Pryde, knowing that Scott

- 2 -

submitted her resignation on Friday, May 4, 2007, asked the District's counsel for clarification on Scott's employment status. Counsel responded that he required time to research the issue. In the interim, Pryde treated Scott as if she were still an employee and left Scott to work on the District's budget. (A failure to complete the budget by the end of the week would have resulted in the District's losing its funding.)

Scott never completed the budget. Instead, Scott went home sick on Tuesday, May 8, 2007, and on Wednesday, May 9, 2007, sent a letter to Elliott, attempting to negotiate a severance package. Scott went home sick on Thursday, May 10, 2007, as well. On Friday, May 11, 2007, the District's counsel informed Pryde that Scott's resignation became final at the time her resignation letter was submitted to Elliott on May 4, 2007. Pryde immediately informed Scott in writing that her resignation had been effective on that date. Thereafter, Scott filed for unemployment benefits, which she was granted. The Board of Review upheld this benefit determination, and the circuit court affirmed. (We note the Board of Review's decision referred to the referee's section 602(A) finding (820 ILCS 405/602(A) (West 2006)) and correctly ignored it as irrelevant. That section deals with employee misconduct, which no one raised as an issue in this case.)

This appeal followed.

## II. ANALYSIS

The District argues that Scott's May 4, 2007, letter of

resignation was effective upon delivery and was not subject to rescission. Scott responds that she rescinded her resignation when Elliott asked Scott if she would consider staying. As evidence that she rescinded her resignation, Scott points to the fact that she worked on the budget the following week. Scott posits that she was later discharged when she received Pryde's letter acknowledging her May 4, 2007, resignation. We agree with the District that Scott's resignation was effective May 4, 2007.

A. Undisputed Facts and the Standard of Review

The following facts are undisputed: (1) Scott hand-delivered a resignation letter to Elliott on May 4, 2007; (2) the letter stated that Scott's resignation was "effective immediately"; and (3) Scott was a public employee.

The legal effect of undisputed facts is a question of law, which we review de novo. Fitzpatrick v. Human Rights Comm'n, 267 Ill. App. 3d 386, 392, 642 N.E.2d 486, 491 (1994).

B. Scott's Resignation Was Final and Irrevocable

When a public officer tenders a letter of resignation, "the resignation is an unalterable fact and the officer cannot withdraw the resignation and cannot negate it by continuing to perform the job." (Emphasis added.) Rohrback v. Department of Employment Security, 361 Ill. App. 3d 298, 305, 835 N.E.2d 955, 962 (2005). This has long been the law in Illinois because "public policy requires that there be certainty as to who are and who are not public officers." People ex rel. Adamowski v. Kerner, 19 Ill. 2d 506, 512, 167 N.E.2d 555, 558 (1960). This

- 4 -

same standard applies to public employees as well. <u>Stearns v. Board of Fire & Police Commissioners</u>, 59 Ill. App. 3d 569, 572, 375 N.E.2d 877, 880 (1978).

In this case, the record reveals, and the parties do not dispute, that on May 4, 2007, Scott, a public employee, tendered her resignation "effective immediately." In doing so, Scott's resignation became a <u>fait</u> <u>accompli</u>. Nevertheless, citing <u>Kerner</u>, 19 Ill. 2d at 512, 167 N.E.2d at 558, Scott asserts that Elliott took affirmative action to preclude her resignation for the public convenience--that is, the budget issue was so significant that Elliott was forced to disregard Scott's May 4, 2007, resignation--and that Scott agreed to do so. However, given the facts of this case, whatever conversation Scott and Elliott had after the resignation letter was tendered is irrelevant. As this court explained in <u>Rohrback</u>, 361 Ill. App. 3d at 305-06, 835 N.E.2d at 962, Scott's return to the office the following week and subsequent work on the budget have no bearing on her employment status. Further, contrary to Scott's assertion, Pryde's May 11, 2007, correspondence to Scott was nothing more than an official acknowledgment that Scott's resignation became effective on May 4, 2007.

Because we conclude that Scott resigned on May 4, 2007, she is ineligible for unemployment benefits unless she is otherwise qualified for such benefits pursuant to the terms of section 601 of the Act (820 ILCS 405/601 (West 2006)). Accordingly, we remand this matter for a determination as to whether Scott is

otherwise eligible for benefits under section 601 of the Act (820 ILCS 405/601 (West 2006)).

In closing, we note that when determining whether Scott is eligible for unemployment benefits, the Board of Review shall not consider anything done or said to Scott after she delivered her resignation letter to Elliott on May 4, 2007.

## III. CONCLUSION

For the reasons stated, we reverse the circuit court's judgment and remand with directions.

Reversed and remanded with directions.

TURNER and APPLETON, JJ., concur.